Submitted May 2, affirmed August 6, petition for review denied November 5, 2008
(345 Or 416)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ISAAC JAMES TILTON,
*Defendant-Appellant.*

Lane County Circuit Court
200521681; A131245

190 P3d 491

Isaac Tilton filed the brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant pleaded guilty to one count of possession of a controlled substance (PCS), *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005), and was found guilty by a jury of two counts of second-degree robbery, ORS 164.405, and one count of first-degree burglary, ORS 164.225. On the robbery convictions, the trial court sentenced him to two consecutive 70-month prison terms, based on the trial court's finding that the convictions involved two separate victims. On the burglary and PCS convictions, the trial court sentenced him to concurrent terms of 22 months and six months, respectively.

Defendant appeals, advancing three assignments of error. First, he contends that the trial court erred in denying his motion to suppress evidence discovered after police officers stopped and, subsequently, searched him. Second, he contends that the trial court erred in instructing the jury on the robbery counts. Third, he contends that the trial court erred in imposing consecutive sentences based on facts not found by a jury or admitted by him, contrary to *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). According to defendant, he did not raise either of the latter two issues below; he requests that we review them as plain error. ORAP 5.45.

As to defendant's first assignment of error, the state responds that the police officers had reasonable suspicion that defendant was involved in a reported crime and, after they stopped defendant, the officers developed probable cause to arrest him and search his vehicle; accordingly, the trial court correctly denied defendant's motion to suppress the resulting evidence. As to defendant's second assignment, the state responds that the error, if any, is not plain and, in any event, is harmless in light of the evidence at trial. As to defendant's third assignment, contrary to defendant's own concession, the state concedes that defendant preserved the issue. On the merits, the state points out that the two robbery counts in the indictment expressly named different victims, the trial court instructed the jury that each count involved a different victim, and the jury found defendant guilty as to

both counts. The state argues that the jury therefore necessarily found that the two robbery convictions involved two different victims; accordingly, the trial court did not err in imposing consecutive sentences on those convictions pursuant to ORS 137.123(5)(b), providing for consecutive sentences where a crime "caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense."

■ We reject defendant's first and second assignments of error without discussion, writing to address only his third assignment. As an initial matter, we agree with the state that defendant preserved the issue. At trial, defendant argued that, consistently with *Blakely*, he was entitled to a jury finding as to whether the robbery convictions involved separate victims.

We turn to the merits. After the trial in this case and after defendant filed his opening brief, the Oregon Supreme Court decided *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008). In that case, the defendant was convicted of six crimes arising out of two separate incidents; each incident gave rise to convictions for one burglary and two sex offenses. *Id.* at 250. The trial court first found that the incidents were separate for the purposes of ORS 137.123(2), thereby permitting consecutive sentences as between the two groups of convictions. It also found that the multiple convictions within each incident reflected the defendant's willingness to commit more than one offense for the purposes of ORS 137.123(5)(a) and that one of the individual convictions within each incident caused greater or qualitatively different harm to the victim than another of the offenses within the same incident for the purposes of ORS 137.123(5)(b). It therefore imposed consecutive sentences on one burglary conviction and one sexual abuse conviction within each of the two separate incidents, resulting in a total of four consecutive and two concurrent sentences. *Id.* at 252-53.

The Supreme Court remanded for resentencing, concluding that the Sixth Amendment right to jury trial extended to the factual findings supporting the consecutive sentences. The court noted that it was "self-evident" that a

defendant who is ordered to serve his or her sentences consecutively rather than concurrently is "exposed to greater punishment." 343 Or at 266, 266 n 5. It also noted that, at least with respect to offenses that arise out of the same continuous and uninterrupted course of conduct as provided in ORS 137.123(5), a jury's issuance of multiple guilty verdicts supports only concurrent sentences. *Id.* at 265. The court reasoned that, under *Apprendi* and its progeny, the right to a jury trial applies to any factor that a legislature identifies as permitting the enhancement of an otherwise statutorily limited sentence and that, accordingly, the jury trial right applied to the factors permitting the imposition of consecutive sentences in that case. *Ice*, 343 Or at 266-67.

Notwithstanding the general principle enunciated in *Ice*, the Supreme Court more recently has concluded that a trial court's imposition of a consecutive sentence based on a fact not found by a jury specifically for sentencing purposes does not necessarily require reversal in all cases. In *State v. Zweigart*, 344 Or 619, 637, 188 P3d 242 (2008), the trial court imposed a consecutive sentence on the defendant's conviction for solicitation to burglarize a grocery store based on the trial court's finding that the offense involved a "separate, distinct victim" from the victims of the defendant's convictions for solicitation to commit aggravated murder. On appeal, the Supreme Court explained that, where the defendant was convicted of solicitation to commit burglary for soliciting his cellmate to enter and commit theft in a Safeway store and he was convicted of solicitation to commit aggravated murder for soliciting his cellmate to kill each of three named individuals, the fact that the "victim" of the former conviction was separate from the victims of the latter convictions was "inherent in the indictment and in the jury's verdicts on those counts." *Id.* at 639. The court concluded that, because "the jury necessarily found beyond a reasonable doubt that [the solicitation to commit burglary count] involved a different victim than the victims involved in [the solicitation to commit aggravated murder counts]," the trial court did not err in imposing a consecutive sentence on the burglary conviction. *Id.* at 639-40.

■     *Zweigart* resolves the consecutive sentence issue here. As the state points out, in this case, the two robbery

counts in the indictment named different victims, the trial court instructed the jury that each count involved a different victim, and the jury found defendant guilty of both counts. We agree with the state that, under those circumstances, the trial court did not err in imposing consecutive sentences on those convictions.

Affirmed.